UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
NEVILLE RICHARDS,

                                    Plaintiff,

            -v-

THE CITY OF NEW YORK; New York City Police
Department ("NYPD") Officer ("P.O.") JOHN DOE 1-2,
in their individual capacities,

                                    Defendants.
-------------------------------------------------------------------x

**COMPLAINT AND DEMAND
FOR A JURY TRIAL**

Index No. 17-CV-456

Plaintiff Neville Richards, by his attorneys Gillian Cassell-Stiga and Michael L. Spiegel

for his complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth, Fifth,

   Sixth, and Fourteenth Amendments of the Constitution of the United States, through the Civil

   Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, along with pendent claims

   under the laws of the State of New York.

2. Plaintiff Neville Richards' rights were violated when officers of the New York City Police

   Department ("NYPD") unconstitutionally and without any legal basis seized and arrested

   plaintiff despite the absence of probable cause.  By reason of defendants' actions, including

   the unreasonable and unlawful seizure of his person, plaintiff was deprived of his

   constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that plaintiff's claim arose in the Eastern District of New York.

6. As authorized by New York General Municipal Law § 50-e, Mr. Richards filed a timely Notice of Claim with the New York City Comptroller on or about December 16, 2016. Thus, this Court has supplemental jurisdiction over Mr. Richards' claims under New York law because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

7. Mr. Richards' claims have not been adjusted by the New York City Comptroller's Office.

8. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

9. Plaintiff Neville Richards is, and was at all times relevant to this action, a resident of the County of Kings in the State of New York.

10. Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant City assumes the risks incidental to the maintenance of a police force and police officers as said risks attach to the public consumers of the services provided by the NYPD.

11. NYPD Officer ("P.O.") John Doe 1-2 (collectively the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

12. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

13. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

14. At all relevant times, the individual defendants were engaged in joint ventures, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

15. The individual defendants are being sued herein in their individual capacities.

## STATEMENT OF FACTS

16. Mr. Richards was unlawfully arrested by P.O. John Does on or about August 23, 2016.

17. On or about August 3, 2016, Alrica Richards filed a complaint resulting in Mr. Richards' arrest. Ms. Richards is the mother of plaintiff; she was 78 years old, plaintiff was 53 years old.

18. On August 17, 2016, a limited temporary order of protection was entered "subject to incidental contact at 463 East 26th Street" in Kings County in the State of New York.

19. Plaintiff resided in the basement apartment of the building at 463 East 26th Street; Alrica Richards lived on the first floor of the building at 463 East 26th Street.

20. On or about August 17, 2016, Mr. Richards returned to 463 East 26th Street within the bounds prescribed by the limited temporary order of protection.

21. Mr. Richards had no contact with Alrica Richards.  Nonetheless, on information and belief, Ms. Richards viewed a surveillance video which showed Mr. Richards entering the building, and complained to police that Mr. Richards had entered the building.

22. P.O. John Doe 1 threatened to arrest Mr. Richards for violation of the order of protection.

23. Mr. Richards' criminal defense attorney informed P.O. John Doe 1 that Mr. Richards' actions were not a violation of the limited order of protection.

24. Nonetheless, P.O. John Doe 1 arrested Mr. Richards on August 23, 2016.

25. Mr. Richards was charged with Menacing in the Second Degree (P.L. § 120.14(1)), Criminal Trespass in the Second Degree (P.L. § 140.15(1)), Criminal Contempt in the Second Degree (P.L. § 215.50(3)), and Harassment in the Second Degree (P.L. § 240.26(3)).

26. These charges were based upon the false statements of the individual defendants.

27. Mr. Richards was held for under twenty-four hours and forced to appear in court on approximately two occasions before all charges were dismissed and sealed on or about November 10, 2016.

## FIRST CLAIM
### DEPRIVATION OF RIGHTS
### UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. §1983
**(Against the individual defendants)**

28. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

29. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of his rights, privileges and immunities secured by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment; (d) right to fair trial and due process under the law; (e) freedom from the fabrication of evidence or the lodging of false charges against him by police officers; (f) freedom from malicious prosecution; and (g) failure to intervene to prevent the complained of conduct.

30. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**<u>VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS</u>**
(*Against the City of New York*)

31. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

32. At all times material to this complaint, defendant The City of New York had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

33. At all times material to this complaint, defendant The City of New York failed to properly train, screen, supervise, or discipline its employees and police officers, including the individual defendants, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants.

34. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

35. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

**THIRD CLAIM FOR RELIEF**
**FALSE ARREST AND FALSE IMPRISONMENT**
**UNDER THE LAWS OF THE STATE OF NEW YORK**
***(Against all defendants)***

36. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

37. By the actions described above, the individual defendants caused to be falsely arrested or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so, maliciously prosecuted plaintiff, and abused process.

38. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

39. The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to plaintiffs pursuant to the state common law doctrine of respondeat superior.

40. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM FOR RELIEF
## ASSAULT AND BATTERY
## <u>UNDER THE LAWS OF THE STATE OF NEW YORK</u>
### (*Against all defendants*)

41. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42. By the actions described above, the individual defendants did inflict assault and battery upon plaintiff. The acts and conduct of individual defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

43. The conduct of the individual defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

44. As a result of the foregoing, Plaintiff suffered emotional distress, humiliation, and was otherwise damaged and injured.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION
## <u>UNDER THE LAWS OF THE STATE OF NEW YORK</u>
### (*Against all defendants*)

45. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

46. By the actions described above, the individual defendants caused a criminal proceeding to be initiated against Plaintiff, even though there was no probable cause for an arrest or prosecution in this matter. The individual defendants maliciously caused this prosecution to be initiated in that they knew there was no probable cause for such prosecution and that they further wished to harm and punish Plaintiff for illegitimate reasons and to cover for the individual defendants' misdeeds. The criminal case against Plaintiff was terminated in his favor in that all charges were dismissed.

47. The conduct of the individual defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

48. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

**SIXTH CLAIM FOR RELIEF**
**ABUSE OF PROCESS**
**UNDER THE LAWS OF THE STATE OF NEW YORK**
(*Against all defendants*)

49. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

50. By the conduct and actions described above, the individual defendants caused regularly issued process to be issued against Plaintiff compelling the performance or forbearance of prescribed acts, including but not limited to causing criminal process to issue. The purpose of activating the process was intent to harm Plaintiff without economic or social excuse or justification, and the individual defendants were seeking a collateral advantage or

corresponding detriment to Plaintiff, including but not limited to covering for their own misdeeds by causing Plaintiff to be charged with crimes, a goal which was outside the legitimate ends of the process. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

51. The conduct of the individual defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

52. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

**SEVENTH CLAIM FOR RELIEF**
**NEGLIGENCE**
**UNDER THE LAWS OF THE STATE OF NEW YORK**
(*Against all defendants*)

53. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

54. Defendants owed a duty of care to Plaintiff to prevent the physical, mental, and economic damages sustained by Plaintiff. Under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

55. Defendants jointly and severally, negligently caused injury, pain and suffering, emotional distress, and damage to Plaintiff. The acts and conduct of defendants were the direct and

proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

56. Defendant City negligently hired, screened, retained, supervised, and trained the individuals defendants.

57. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

### EIGHTH CLAIM FOR RELIEF
### RESPONDEAT SUPERIOR LIABILITY
### UNDER THE LAWS OF THE STATE OF NEW YORK
*(Against the City of New York)*

58. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

59. The conduct of the individual defendants as alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as police officers and/or while they were acting as agents and employees of the City of New York and, as a result, the City of New York, is liable to the plaintiff pursuant to state common law doctrine of respondeat superior.

60. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

### NINETH CLAIM FOR RELIEF
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### UNDER THE LAWS OF THE STATE OF NEW YORK
*(Against all defendants)*

61. Plaintiff incorporates by reference the allegation set forth in all preceding paragraphs as if fully set forth herein.

62. By the actions described above, defendants engaged in extreme and outrageous conduct, which negligently caused severe emotion distress to Plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

63. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

**TENTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**UNDER THE LAWS OF THE STATE OF NEW YORK**
***(Against all defendants)***

64. Plaintiff incorporates by reference the allegation set forth in all preceding paragraphs as if fully set forth herein.

65. By the actions described above, defendants engaged in extreme and outrageous conduct, which intentionally caused severe emotion distress to Plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

[this portion intentionally left blank]

## JURY DEMAND

67. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

b. That he be awarded punitive damages against the individual defendants; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated:   New York, New York
         January 26, 2017

                                   Respectfully submitted,

                          By:      _____
                                   Gillian Cassell-Stiga
                                   Rankin & Taylor, PLLC
                                   11 Park Place, Suite 914
                                   New York, New York 10007
                                   t: 212-226-4507


                                   _____/s/_____
                                   Michael L. Spiegel, Esq.
                                   11 Park Place, Suite 914
                                   New York, New York 10007
                                   t: 212-587-8558

                                   *Attorneys for the Plaintiff*